UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORMAN BANKS, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> AMEREN UE, and ) </br> CRAIG SHERRILL d/b/a AMEREN UE and, ) </br> IBEW LOCAL 1439 ) </br> ) </br> Defendants ) </br> ) </br> ) </br> ) </br> ) | Case No. 4:05CV00477 JCH |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants AmerenUE and Craig Sherrill's and IBEW Local 1439's ("IBEW") Motions to Dismiss all of Defendant's Claims. Defendants move this Court to dismiss Plaintiff's claims for I) breach of duty of fair representation, II) retaliation, III) intentional infliction of emotional distress, IV) constructive discharge, and V) fraud. The matter is fully briefed and ready for disposition. Because of the reasons stated below, this Court dismisses Counts I through V against both Defendants, but retains Plaintiff's claim against AmerenUE for a penalty for unpaid wages.

**BACKGROUND**

Mr. Banks was employed by AmerenUE from 1973 through 2000, most recently as a meter repairman. His duties included inspecting and repairing rubber gloves and blankets used to protect workers from electrical shock. He was also shop steward of his union, IBEW Local 1439. Plaintiff resigned from his position with AmerenUE on March 1, 2000.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff instituted his first action relating to his employment with AmerenUE on May 22, 2000 ("2000 suit"). The only defendant in the 2000 suit was AmerenUE. Plaintiff's final amended Complaint in the 2000 suit alleged race discrimination and failure to promote under Title VII, 42 U.S.C. § 2000e-f(f)(3), age discrimination under the ADEA, 29 U.S.C. § 623, retaliation, and constructive discharge. Banks v. AmerenUE, 4:00CV00847 JCH, Doc. No. 45 (E.D.Mo. April 16, 2001).[1] This Court dismissed the retaliation and constructive discharge claims for failure to exhaust administrative remedies with the EEOC.[2] (Id.). This Court then ruled for Defendant on Defendant's motion for summary judgment on the age and race discrimination and failure to promote claims. The Court found that Plaintiff had failed to meet his initial burden of establishing a prima facie case. Banks v. AmerenUE, 4:00CV00847 JCH, Doc. No. 63 (E.D.Mo. September 13, 2001).[3] Plaintiff has provided this Court with no evidence that after the 2000 suit he attempted to pursue his claims through the EEOC, or any other applicable state or federal government agency.

Plaintiff originally filed his pro se Complaint in the current case in Missouri Circuit Court on February 28, 2005. (Defendant's Notice of Removal Petition, Doc. No. 1, attached Exh. A

---

[1] In the 2000 suit, the main incidents that Plaintiff asserted were:
- That his foreman, Craig Sherrill, disciplined him for allegedly sending a defective glove into the field, and counseled him about low production;
- That he applied for and was denied a promotion; and
- That he was forced to take sick leave and early retirement when he began to suffer from anxiety and depression. (Banks v. AmerenUE, 4:00CV00847 JCH, Doc. No. 45 (E.D.Mo. April 16, 2001)).

[2] Plaintiff had filed EEOC charges on the age and race discrimination and failure to promote claims, but not on the claims of retaliation or constructive discharge.

[3] Defendant appealed this Court's summary judgment ruling as well as a ruling on Plaintiff's motion to amend the Complaint. The Eighth Circuit Court of Appeals affirmed both rulings, and the Supreme Court of the United States denied certiorari. Banks v. AmerenUE, 25 Fed.Appx. 483, 2002 WL 220832 (8th Cir. 2002); cert. denied 537 U.S. 836, 123 S.Ct. 151 (2002). Defendant did not appeal this Court's dismissal for failure to exhaust administrative remedies.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

("Complaint")). Defendants then removed the action to this Court on March 24, 2005. (Defendant's Notice of Removal Petition, Doc. No. 1).

Both the 2000 suit and the current case arise from the same set of facts. These incidents date from approximately 1997 through March 1, 2000, when Plaintiff resigned from employment at AmerenUE. Plaintiff's legal theories in the current case are different, however, from those in the 2000 suit. The 2000 suit was based on allegations of race and age discrimination. The current suit alleges no race or age discrimination. In the current suit, Plaintiff's pro se complaint appears to allege common law tort claims for Counts II through V. The only hint as to motive for any of these counts is in ¶¶ 32 and 48 of the Complaint, where he alleges that he was retaliated against for carrying out his duties as shop steward and allowing another employee to write grievances.

AmerenUE and IBEW filed these Motions to Dismiss on April 7, 2005 and April 14, 2005 (Doc. Nos. 11 and 14).

## DISCUSSION

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In both his Complaint and his Reply Memoranda (Doc. Nos. 1, attached exh. A, 16, and 23), Plaintiff states that all of his claims (other than the breach of the duty of fair representation) are brought under[4] Mo. Rev. Stat. § 516.120. This provision establishes a five year statute of limitations for various actions, including certain tort claims created by statute. Plaintiff's reliance on § 516.120 is inapposite. First, as discussed below, this is not the correct statute of limitations for any of Plaintiff's claims. A plaintiff cannot pick and choose a statute of limitations by attempting to bring an action under the statute of limitations provision of the Code. Second, even if it were the correct statute of limitations, Plaintiff would still be barred by it. Every incident that he references, other than his March 1, 2000 resignation, occurred more than five years before he filed the complaint in this case.

Plaintiff argues that any applicable statutes of limitations should be equitably tolled because he was seeking appeals of this Court's decisions. While Plaintiff is correct that equitable tolling may apply during the pendency of other actions, it does not apply here. The current case, although arising from the same set of facts, alleges different claims. Equitable tolling does not apply when the same matter is being adjudicated on a different basis. Burns v. Union Pac. R. R., 564 F.2d 20, 21 (8th Cir. 1977).

In Count I of the current suit, Plaintiff alleges an action for the breach of duty of fair representation against both Defendants AmerenUE and Craig Sherrill (hereinafter collectively "AmerenUE") and Defendant IBEW. Because a breach of duty of fair representation action can only be brought against a union, however, this Court construes Plaintiff's claim to be for a hybrid suit under § 301 of the Labor-Management Relations Act of 1947. Under § 301, a Plaintiff may bring

---

[4] For example, "This charge was filed under RSMo. 516.120, which has a statue [sic] of limitations of five years." (Plaintiff's Memorandum to Support Denial of AmerenUE and Craig Sherrill's Motion to Dismiss, Doc. No. 16 at 12).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

a breach of contract action against the employer, along with a breach of the duty of fair representation action brought against the union. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 562-63 (1976). This Court will thus treat Plaintiff's Count I against AmerenUE to be for breach of contract under § 301.

As stated above, Plaintiff brought five claims against each Defendant. The Court will address each Defendant separately.

I. **Defendant IBEW Local 1439**

In its Motion to Dismiss, IBEW asserts that all five claims against it should be dismissed because they are barred by the statute of limitations. Upon consideration, the Court agrees. In Count I, Plaintiff alleges that Defendant IBEW breached its duty of fair representation to Plaintiff. (Complaint ¶¶ 2-23). Suits against a union for breach of the duty of fair representation are governed by the six-month statute of limitations in § 10(b) of the National Labor Relations Act. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 172 (1983). Because the last possible date that incidents relating to any breach could have occurred was upon Plaintiff's resignation on March 1, 2000, Plaintiff brought this claim well beyond the statute of limitations period.

Furthermore, the other four claims brought against Defendant IBEW are preempted by § 301 of the Labor-Management Relations Act of 1947, the statutory basis for the duty of fair representation. In substance, Plaintiff alleges that IBEW failed to react appropriately to Defendant AmerenUE's actions. The claims against IBEW for retaliation, intentional infliction of emotional distress,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

constructive discharge,[5] and fraud are subsumed into the duty of fair representation, and thus also barred by the statute of limitations. *See* Vaca v. Sipes, 386 U.S. 171, 177 (1967).

Defendant IBEW's Motion to Dismiss all counts is granted.

**II.     Defendant AmerenUE**

The claims against Defendant AmerenUE will be discussed individually.

   A.     Count I: § 301 Breach of Contract

Plaintiff's suit is a hybrid suit under § 301 of the Labor-Management Relations Act of 1947. In a § 301 hybrid suit, the claim against the employer is one for breach of contract. This action however is also barred by the six-month statute of limitations in § 10(b) of the National Labor Relations Act. DelCostello, 462 U.S. at 172.

Defendant AmerenUE's Motion to Dismiss Count I is granted.

   B.     Count II: Retaliation

Plaintiff alleges that he was retaliated against for his union activities.[6] Plaintiff pleads the common law tort of retaliation. A common law action for retaliation here is preempted by several statutory remedies. In other words, Plaintiff should have pursued his claim through the Missouri Human Rights Commission or the EEOC.

Under Missouri law, Plaintiff's action would fall under Mo. Rev. Stat. § 213.070(2), prohibiting retaliation against a person who has "filed a complaint, testified, assisted, or participated

---

[5] Defendant IBEW raises the argument that a claim for constructive discharge, or rather wrongful discharge, can only be brought against an employer, and not against a union. The Court does not need to address this, however, as any potential claim is barred by the statute of limitations.

[6] In his Complaint, Plaintiff alleges that he was retaliated against for allowing another employee "to write grievances after [the other employee] filed suit against AmerenUE and IBEW Local 1439 for violations of the ADA" (Plaintiff's Complaint ¶ 32), and for carrying out his activities as shop steward. (Id. ¶ 48).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

in any manner in any investigation, proceeding or hearing conducted pursuant" to Missouri Human Rights law. Id. This action would need to have been brought to the Missouri Human Rights Commission within 180 days of the alleged violation. Mo. Rev. Stat. § 213.075(1); Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000).

Under the EEOC he would also have needed first to exhaust administrative remedies. To enforce his rights under 42 U.S.C. § 2000e-3, Plaintiff would have had to file a claim with the EEOC within 180 days of the alleged violation. 42 U.S.C. § 2000e-5 (2005).

Because Plaintiff has failed to exhaust administrative remedies, he is now barred by the applicable statutes of limitations.

Defendant AmerenUE's Motion to Dismiss Count II is hereby granted.

C.  Count III: Intentional Infliction of Emotional Distress

Plaintiff next alleges that Defendant AmerenUE's actions constituted intentional infliction of emotional distress. Plaintiff claims that his emotional distress arose out of the actions of Defendants AmerenUE and IBEW during Plaintiff's employment. (Complaint ¶¶ 35-39). This claim is preempted[7] by Missouri's Worker's Compensation Law. Mo. Rev. Stat. § 287.010 et seq. provides the exclusive remedy for injuries relating to Plaintiff's employment. Nichols v. Am. Nat'l Ins. Co., 945 F.Supp. 1242, 1247-48 (E.D.Mo. 1996).

Defendant AmerenUE's Motion to Dismiss Count III is hereby granted.

D.  Count IV: Constructive Discharge

For an at-will employee such as Plaintiff, constructive discharge, standing alone, is not a cause of action in Missouri. A constructive discharge can serve as the adverse action element of a retaliation

---

[7] Further, Plaintiff's claims are now barred by the statute of limitations. Mo. Rev. Stat. § 287.430.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

claim. See Fenney v. Dakota, Minn. & Eastern R.R. Co., 327 F.3d 707, 718 (8th Cir. 2003). As part of a retaliation claim, however, Plaintiff's claim is barred by the statute of limitations, as stated above.

Constructive discharge can also be the basis for a wrongful discharge claim. Bell v. Dynamite Foods, 969 S.W.2d 847, 853 (Mo. Ct. App. 1998). Plaintiff does not have an action for the tort of wrongful discharge, however, because a cause of action for wrongful discharge will generally not lie when there is an independent statutory remedy. Boyle v. Vista Eyewear, Inc., 700 S.W.2d 859, 877 (Mo. Ct. App. 1985). Here, Plaintiff had remedies through both the EEOC and the Missouri Human Rights Commission. Thus he may not bring an action for wrongful discharge.

Defendant AmerenUE's Motion to Dismiss Count IV is hereby granted.

### E. Count V: Fraud

Plaintiff's final count is for fraud. The elements of a claim for fraudulent representation in Missouri are "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity or his ignorance of its truth; (5) the speaker's intent that his representation should be acted upon by the hearer[8] and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the truth of the representation; (8) the hearer's right to rely thereon; (9) the hearer's consequent and proximately caused injury." Clark v. Olson, 726 S.W.2d 718, 719 (Mo. Ct. App. 1987).

In his pleadings, Plaintiff has failed to allege his reliance on any of Defendants' representations. The plaintiff's reliance on defendants' representations is an essential element of fraudulent representation. Restatement (Second) of Torts § 548 (1977) ("The maker of a fraudulent misrepresentation is not liable to one who does not rely upon its truth but upon the expectation that the maker will be held liable in damages for its falsity.").

---

[8] The "hearer" must also be the plaintiff in a fraud action.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff had the opportunity to supplement his pleadings in his responses to Defendant IBEW's Motion to Dismiss, and did not. (Plaintiff's Memo. in Support to Deny IBEW Local 1439's Motion to Dismiss at 11). This Court thus finds that Plaintiff has failed to state a claim for fraud.[9]

Defendant AmerenUE's Motion to Dismiss Count V is hereby granted.

### III.  Unpaid Wages

Although not alleged as an independent count, Plaintiff seeks to recover unpaid wages from Defendant AmerenUE. (Complaint at 9). Plaintiff asserts that he was never paid fully for the March 22, 1999 workday.[10] Plaintiff admits, however, that he was paid for eight hours worked on March 22, 1999. His only remaining claim is for the statutory penalty provided in Mo. Rev. Stat. § 290.110. While the statute of limitations for unpaid wages is five years, statutory penalties are not included in the five year statute of limitations. Mo. Rev. Stat. § 516.120(1), (2). This matter has not been

---

[9] The Court has considered all of Plaintiff's other arguments on all of the counts, and finds them to be without merit.

[10] This incident is mentioned in the 2000 suit, but is discussed in much more depth in the current case. On March 22, 1999, Defendant AmerenUE labeled Plaintiff as being absent without permission. Plaintiff contested this, arguing that he was at work that day. Defendant AmerenUE then changed the notation to state that Plaintiff was off sick on March 22. Plaintiff again asserted that he was at work.

In his Memorandum to Support Denial of AmerenUE's and Craig Sherrill's Motion to Dismiss, Plaintiff provides more background. On February 11, 2005, he sent Defendant AmerenUE a letter demanding the unpaid wages, plus the penalty provided in Mo. Rev. Stat. § 290.110. AmerenUE sent him a check in the amount of the wages, but not for the penalty. Plaintiff now seeks to recover the penalty.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

adequately briefed,[11] and this Court is not convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[12]

Defendant AmerenUE's motion to dismiss Plaintiff's claim for the statutory penalty provided in Mo. Rev. Stat. § 290.110 will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants AmerenUE and Craig Sherrill's Motion to Dismiss Plaintiff's Counts I through V (Doc. No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Craig Sherrill is **DISMISSED** as a party to this lawsuit.

**IT IS FURTHER ORDERED** that Defendant IBEW's Motion to Dismiss all Counts (Doc. No. 14) is **GRANTED**.

---

[11] Defendant AmerenUE asserts that the statute of limitation for the penalty under Mo. Rev. Stat. § 290.110 is 2 years, provided by MO. REV. STAT. § 290.527. This is incorrect. § 290.527 is the statute of limitations for unpaid *minimum* wages. ("Any employer who pays any employee less wages than the wages to which the employee is entitled under or by virtue of sections 290.500 to 290.530 [the Minimum Wage Laws sections] . . ."). Mo. Rev. Stat. § 290.527.

[12] This claim however could not stand against Defendants IBEW or Craig Sherrill, because a claim for unpaid wages or a statutory penalty can only be brought against an employer.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that AmerenUE's motion to dismiss Plaintiff's claim for the statutory penalty provided in Mo. Rev. Stat. § 290.110 is **DENIED**.

The sole remaining claim in this suit is against Defendant AmerenUE for the statutory penalty for unpaid wages.

Dated this 8th day of September, 2005.

/s/ Jean C. Hamiton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com