UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORMAN BANKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AMEREN UE, ) <br> ) <br> Defendant ) <br> ) | Case No. 4:05CV00477 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant AmerenUE's Motion to Dismiss and Plaintiff Norman Banks' Motion for Reconsideration. Defendant AmerenUE moves the Court to dismiss the final remaining count against it, for the statutory penalty for non-payment of wages. Plaintiff Banks moves the Court to reconsider the September 8, 2005 Order dismissing Plaintiff's claim for fraud. For the reasons stated below, the Court grants Defendant's Motion to Dismiss and denies Plaintiff's Motion for Reconsideration.

## BACKGROUND

Mr. Banks was employed by AmerenUE from 1973 through 2000, most recently as a meter repairman. His duties included inspecting and repairing rubber gloves and blankets used to protect workers from electrical shock. He was also shop steward of his union, IBEW Local 1439. Plaintiff resigned from his position with AmerenUE on March 1, 2000.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff originally filed his pro se Complaint in the current case in Missouri Circuit Court on February 28, 2005.[1] (Defendants' Notice of Removal Petition, Doc. No. 1, attached exh. A ("Complaint")). The defendants named in the Complaint are AmerenUE, Craig Sherrill, and IBEW Local 1419. Defendants then removed the action to this Court on March 24, 2005. (Defendants' Notice of Removal Petition, Doc. No. 1). Plaintiff's Complaint alleges five counts: I) breach of duty of fair representation, II) retaliation, III) intentional infliction of emotional distress, IV) constructive discharge, and V) fraud. In addition to the five numbered counts, Plaintiff brings a claim for the statutory penalty for unpaid wages, under Mo. Rev. Stat. § 290.110. In its September 8, 2005 Order (Doc. No. 28) this Court dismissed all claims against Craig Sherrill and IBEW Local 1419, and dismissed Counts I through V against AmerenUE. The sole remaining count in the case is against AmerenUE for the statutory penalty for unpaid wages.

Plaintiff filed his Motion for Reconsideration on September 14, 2005. (Doc. No. 29). Defendant AmerenUE filed the Motion to Dismiss on September 20, 2005. (Doc. No. 30). Both matters are fully briefed and ready for disposition.

## **DISCUSSION**

I.  **Motion to Dismiss**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would

---

[1] This is Plaintiff's second lawsuit arising out of his employment at AmerenUE. For a full history of this case, see Banks v. AmerenUE, 4:05CV00477 JCH (Doc. No. 28), 2005 WL 2176927 (E.D. Mo. September 8, 2005).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982).

Plaintiff includes in his Complaint a claim for the statutory penalty for unpaid wages. Plaintiff asserts that AmerenUE did not pay him for the March 22, 1999 workday until February 2005. Mo. Rev. Stat. § 290.110 provides for a penalty when an employer does not pay a discharged employee within seven days of the termination of employment.

There is no definite statute of limitations for § 290.110, but the Missouri Supreme Court has found that "ninety days is an unreasonable length of time within which to make request for unpaid wages under § 290.110." Monterosso v. St. Louis Globe-Democrat Pub. Co., 368 S.W.2d 481, 489 (Mo. 1963). The Court reasoned that § 290.110 is meant to "effect a quick payment to the wage earner of wages due and unpaid at time of discharge. . . . While request for unpaid wages need not be made immediately after discharge, it must be made within a reasonable time. " Id.

In the instant case, Plaintiff requested payment for the March 22, 1999 workday by April 13, 1999.[2] (Defendants AmerenUE and Craig Sherrill's Memorandum in Support of Motion to Dismiss, Doc. No. 12, attached exh. 4, at 14). Although he requested payment in 1999, he was not actually paid[3] until he requested payment again on February 11, 2005. (Plaintiff's Memorandum, Doc. No.

---

[2] The Court also notes that Plaintiff did not resign his employment at AmerenUE until March 1, 2000.

[3] The parties continue to dispute whether Plaintiff was at work on March 22, 1999. Defendant AmerenUE asserts that he was not at work that day, and that the pay owed was sick pay, and not pay for a day actually worked. Plaintiff argues that he was at work on the day in question. This dispute is moot  First, there is no evidence before the Court that the pay for a sick day is any

- 3 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

16, at 2-3). He did not, however, raise the issue in court until he filed the petition in the instant case on February 28, 2005.[4] Thus, using Monterosso's standard of reasonableness, this Court finds that Plaintiff has waited an unreasonable amount of time to file an action for the statutory penalty provided in § 290.110.

Plaintiff argues that the statute of limitations should be tolled because Defendant AmerenUE fraudulently concealed the fact that Plaintiff was actually at work on March 22, 1999. Because Plaintiff himself was always aware of his claim, fraudulent concealment does not apply. See Tayborn v. Burstein, 748 S.W.2d 824, 826 (Mo.Ct. App. 1988) ("Fraudulent concealment is inapplicable if plaintiff knows or should know [he] has a cause of action.").

Defendant AmerenUE's Motion to Dismiss Plaintiff's claim for the statutory penalty under § 290.110 is granted.

II. **Motion for Reconsideration**

Also before the Court is Plaintiff's Motion to Reconsider the Court's Order of September 8, 2005 dismissing Plaintiff's charge of fraud. (Doc. No. 29). The Court had dismissed Plaintiff's claim for fraud because Plaintiff failed to show that he relied in any way upon Defendants' statements.[5] Plaintiff now asserts that Defendant AmerenUE waived this defense by not asserting it in the original Motion to Dismiss. Defendant AmerenUE had not yet filed a responsive pleading, so it had not waived its right to bring a motion for a more definite statement. Fed. R. Civ. P. 12(e). Here, where

---

less than the pay for a day worked, and Plaintiff has been paid for a sick day. Second, under this ruling, Plaintiff's delay bars his recovery.

[4] While the March 22, 1999 incident was mentioned in passing in his earlier suit, he did not claim non-payment of wages until the instant suit.

[5] Plaintiff's reliance on defendants' representations is an essential element of fraudulent representation. Restatement (Second) of Torts § 548 (1977).

- 4 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff had not relied on Defendant's statements, and thus Plaintiff could not plead a claim for fraud, dismissal was appropriate. Plaintiff was not prejudiced by AmerenUE's failure to bring a motion for a more definite statement; he had notice of the defective pleadings from Defendant IBEW's motion for a more definite statement and still failed to amend.

Plaintiff's Motion for Reconsideration is denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant AmerenUE's Motion to Dismiss Plaintiff's claim for the statutory penalty for unpaid wages is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim for the statutory penalty for unpaid wages is **DISMISSED** with prejudice..

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

This case is closed.

Dated this 25th day of October, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com